UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN DORF,

    Plaintiff,

  v.

STANDARD INSURANCE COMPANY,
as successor to MINNESOTA LIFE
INSURANCE COMPANY,

    Defendant.

No. 13 CV 6479

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephen Dorf worked as a trader in the soybean-oil pit until pain in his neck rendered him unable to use a wearable computer he considered essential to the job. Not able to work, plaintiff sought benefits from his disability insurer. Defendant Standard Insurance Company denied the claim because it believed plaintiff did not actually need that specific computer to do his job. This action followed.

Defendant moved for summary judgment, which was granted on the ground that plaintiff failed to argue or present evidence showing he earned less than 50% of his average prior earned income from his regular occupation—as required to be considered "disabled" under the insurance policy. In response, plaintiff moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, arguing the record did in fact present a genuine issue on that element of his claim. For the

following reasons, plaintiff's motion is granted and the prior order is modified accordingly.

## I. Legal Standard

Courts may grant Rule 59(e) motions "to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). This rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Such motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (internal citations omitted). Rule 59(e) decisions are entrusted to the district court's sound judgment. *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012).

## II. Background

Plaintiff Stephen Dorf, a former soybean-oil pit trader, filed for disability benefits when he could no longer continuously stand while staring down at a computer that hung around his neck. Defendant Standard Insurance Company denied the claim, saying plaintiff's regular occupation was that of a general floor trader, which could be performed without using the hanging tablet. Plaintiff filed suit and defendant moved for summary judgment. In a prior Memorandum Opinion

and Order, [65], I concluded that genuine issues of material fact existed concerning almost all of the elements of plaintiff's claim, including (1) whether wearing a computer harness was a substantial and material duty of plaintiff's occupation, profession, or professionally recognized specialty, (2) whether plaintiff's debilitating pain was due to a sickness or injury, and (3) whether plaintiff was disabled for more than 90 days. Defendant's motion was nevertheless granted because I found there to be no genuine issue on the question of whether the claimed disability caused plaintiff to earn less than 50% of his average prior earned income, which the policy required as a precondition to benefits. This conclusion was reached based on plaintiff having the burden to demonstrate entitlement to relief under the policy while also failing to offer any financial evidence.

## III. Analysis

Plaintiff first contends that the "determination that Dorf failed to provide evidence that he lost at least 50% of his income on account of his disability came as a complete surprise to the Plaintiff since the issue . . . was not even argued in that context in Defendant's summary judgment papers." [67] at 3–4. Not so. Defendant clearly made the argument and plaintiff failed to respond.

Section II(B) of defendant's opening brief, entitled "Dorf Lacks Evidence to Establish Elements of his Claim," stated the following:

> An additional hurdle Dorf cannot overcome is his lack of any evidence that wearing the computer harness like a hotdog vendor accounts for a major portion of his income. To be disabled under the Policy, Dorf must have a Loss of Duties, defined as he "must be unable to perform one or more of the substantial and material duties of your regular occupation which account for a major portion of your income," and he must be

3

> unable "to earn from your regular occupation more than 50% of your prior average earned income." (LR56.1 ¶¶ 4, 9). Dorf, however, lacks any financial evidence that the computer harness accounts for a major portion of his income, as opposed to income from his open outcry trades or other electronic trading. . . . Dorf, therefore, lacks evidence of key elements of his claim, warranting entry of summary judgment in favor of Standard.

[45] at 15–16. Through these assertions, defendant shifted the burden of coming forward to plaintiff, thereby requiring him to present specific facts showing a genuine issue for trial on the "Loss of Duties" and "Loss of Income" disability requirements under the policy. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 650 (7th Cir. 2011). Plaintiff responded to the first issue, but wholly missed the mark with the latter, stating only:

> Standard has also admitted that the primary income producing duties of Dorf's occupation as a floor trader are analyzing markets and executing trades. Therefore, if Dorf's inability to use his tablet causes even a small reduction in his ability to effectively perform those tasks and results in a loss of income, he has met his burden for establishing disability.

[50] at 16–17. Plaintiff purports to take this standard from *McFarland v. General American Life Insurance Co.*, 149 F.3d 583, 588 (7th Cir. 1998), but that case does not supply the "Loss of Income" test that controls the parties' relationship. Only the policy does, and it requires plaintiff to have earned less than 50% of his average prior earned income.

Plaintiff should not have been surprised by the argument; he should have read the policy and defendant's brief. Perhaps counsel was careless (the failure to place pertinent documents into the summary judgment record, *see* [57], and to follow Local Rule 56.1, *see* [61], do suggest some carelessness on counsel's part). In

4

any event, neither surprise nor counsel's carelessness provides a basis for alteration of the judgment under Rule 59(e).

Reconsideration is appropriate because—as plaintiff points out—several of my conclusions at summary judgment necessarily implied that a genuine issue of fact exists on the loss element of plaintiff's claim. Specifically, plaintiff presented sufficient evidence that he was a "floor trader with a professionally recognized speciality of identifying spreads and arbitrage opportunities based on price differences between the open-outcry and electronic soybean-oil markets." [65] at 5. Plaintiff also presented enough evidence to suggest there was no way he could do that specific job without using the hanging tablet computer. *Id*. at 5–6. Finally, as the non-movant, plaintiff was entitled to have all reasonable inferences taken in his favor, including that—because plaintiff arguably could not use a tool that was a precondition to making money in his job—he could not and did not make more than 50% of his average prior earned income. Entering judgment in defendant's favor was a manifest error on my part because it did not give plaintiff the benefit of the inference to which he was entitled.

Plaintiff still must prove his case, and if he cannot prove, among the other elements of his claim, that he could not and did not make more than 50% of his average prior earned income, then defendant will be entitled to a judgment in its favor.

## IV. Conclusion

Plaintiff's motion to alter or amend the judgment [67] is granted. The judgment [66] is vacated and this case is reopened. The prior Memorandum Opinion and Order [65] is modified in-part. Defendant's bill of costs [70] is terminated as moot. Status hearing is set for 12/11/15 at 9:30 a.m.

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: 12/1/15